UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

For Online Publication Only

EDWARD REGAN,

Plaintiff,

-against-

BRUCE A. PAYNE, individually and as Trustee and Fiduciary of the ULTIMATE ABSTRACT SERVICES, INC. PENSION PLAN, and THE ULTIMATE ABSTRACT SERVICES, INC. PENSION PLAN,

Defendants.

---------------------------------------------------------------------X

**ORDER**
2:20-CV-05423 (JMA) (ARL)

FILED
CLERK
7/28/2022 11:50 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, United States District Judge:**

Before the Court is the motion of Plaintiff Edward Regan for a default judgment against Defendant Bruce A. Payne. Plaintiff alleges that Payne, as trustee and fiduciary of the Ultimate Abstract Services, Inc. Pension Plan (the "Plan"), violated provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, et seq., by breaching his fiduciary duties to the Plan. (See Compl., ECF No. 1.) Plaintiff now seeks $350,034.20, representing Plaintiff's share of the Plan's assets as of February 28, 2017; interest in the amount of $184,831.04, calculated at a rate of 9% per year from February 28, 2017; and attorney's fees and costs to be sought in a post-judgment application. (See Rosen Decl. ¶ 18, ECF No. 8-3.) For the following reasons, Plaintiff's motion is GRANTED, and Plaintiff is awarded a default judgment against Defendant Payne.

## I. DISCUSSION

### A. Defendant Defaulted

The record reflects that Defendant was properly served in this action but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action. Accordingly, the Court finds Defendant in default.

**B. Liability**

When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id. Here, the allegations in the Complaint are sufficient to establish Defendant Payne's liability for breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

**C. Relief**

Plaintiff seeks, among other things, "appropriate equitable relief" against Defendant Payne, "including but not limited to surcharge[.]" (Compl. at 16.) Specifically, Plaintiff pursues recovery of $350,034.20, representing Plaintiff's share of the Plan's assets as of February 28, 2017, as well as interest in the amount of $184,831.04, apparently based on New York's statutory prejudgment interest rate of 9%. (See Rosen Decl. ¶ 18.) The Court finds that surcharge is warranted due to Defendant Payne's breach of fiduciary duties as a fiduciary of the Plan. See CIGNA Corp. v. Amara, 563 U.S. 421, 441 (2011) (holding that surcharge is available as a form of equitable relief under 29 U.S.C. § 1132(a)(3)); see also Hartman v. Lincoln Nat'l Life Ins. Co., No. 4:20-CV-579, 2022 WL 103313, at *2 (E.D. Mo. Jan. 11, 2022) (ordering surcharge under § 1132(a)(3) against defaulting defendant for breach of fiduciary duty). Defendant Payne is therefore liable to Plaintiff for $350,034.20, which represents the precise amount of "monetary 'compensation' for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment." Amara, 563 U.S. at 441. Additionally, the Court awards prejudgment interest in the amount of $184,831.04, based on New York's statutory rate of 9%. See Alfano v. CIGNA Life Ins. Co. of New York, No. 07-CV-9661, 2009 WL 890626, at *7 (S.D.N.Y. Apr. 2, 2009) (awarding prejudgment interest to ERISA plaintiff at statutory rate of 9%).

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is GRANTED. The Clerk of the Court is respectfully directed to enter judgment against Defendant Bruce A. Payne and in favor of Plaintiff Edward Regan in the amount of $350,034.20, plus prejudgment interest of $184,831.04, for a total of $534,865.24.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: July 28, 2022
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE